Dear Representative Frith:
In response to your inquiry of recent date, first note that the constitution prohibits a classified civil service employee from running for political office. LSA-Const. Art. 10 § 9 (1974) provides:
 § 9. Prohibitions Against Political Activities
 Section 9. (A) Party Membership; Elections. No member of a civil service commission and no officer or employee in the classified service shall participate or engage in political activity; be a candidate for nomination or election to public office except to seek election as a classified state employee serving on the State Civil Service Commission; or be a member of any national, state, or local committee of a political party or faction; make or solicit contributions for any political party, faction, or candidate; or take active part in the management of the affairs of a political party, faction, candidate, or any political campaign, except to exercise his rights as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires.
 (B) Contributions. No person shall solicit contributions for political purposes from any classified employee or official or use or attempt to use his position in the state or city service to punish or coerce the political action of a classified employee.
 (C) Political Activity Defined. As used in this Part, "political activity" means an effort to support or oppose the election of a candidate for political office or to support a particular political party in an election. The support of issues involving bonded indebtedness, tax referenda, or constitutional amendments shall not be prohibited. (Emphasis added).
The foregoing constitutional provision prevents the individual referenced in your correspondence from running for the elected office of councilman. We further note that a full-time state employee may not also hold local elective office, as such is violative of the state Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq.; and specifically as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added); see LSA-R.S. 42:63(D).
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: January 27, 1998 Date Released: February 2, 1998
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL